Baldwin, J.
delivered the opinion of the Court.
It appears to the Court, that upon the trial of the cause, after the tenant had offered his evidence in chief, *74 the demandants gave in evidence a copy of a grant from the Commonwealth to Benjamin Pollard, assignee of Henry Banks, dated the 22d of April 1788, for 2500 acres of land on Bradshaw’s run in Greenbrier county, ky survey bearing date the 8th of March 1786; and by virtue and in consideration of part of two land office treasury warrants, one of them numbered 21,563, and dated the 23d of December 1783. That the demandants also introduced evidence tending to prove that they were the heirs of the said Benjamin Pollard; which evidence is not stated in the record. That after the demandants had closed their evidence, the tenant offered in evidence copies of two grants from the Commonwealth to Benjamin Pollard, assignee of Henry Banks, one of them dated the 18th of April 1788, for 1125 acres on the waters of Bradshaw’s run in Greenbrier county, by survey bearing date the 7th of March 1786, and by virtue and in consideration of a land office treasury warrant, numbered 21,563, and dated the 23d of December 1783; and the other dated the 19th of April 1788, for 1390 acres of land on the waters of Bradshaw’s run in Greenbrier county, by survey bearing date the 8th of March 1786, and calling for joining a survey made for said Banks, and by virtue of part of a land office treasury warrant, numbered 21,563, and dated the 23d of December 1783; which evidence was objected to by the demandants, but permitted to go to the jury. To which decision of the Court, the demandants excepted.
It further appears that the tenant next gave in evidence a copy of the survey on which the said grant for 2500 acres, read by the demandants, issued, with the assignment thereon dated the 8th of June 1787; which survey was made for Henry Banks, and which assignment was made by him to Benjamin Pollard, and attested by Zach. Rowland; and then that the tenant offered in evidence copies of the two surveys, with the assignments thereon, upon which the said two patents *75 for 1125 and 1390 acres were founded; which assignments were from Henry Banks to Benjamin Pollard, and both of them dated the 8th of June 1787, and attested by Zach. Rmoland; and which further evidence so offered by the tenant, was objected to by the demandants, but permitted to go to the jury. To which decision of the Court, the demandants again excepted.
It further appears that the tenant next offered in evidence copies of two deeds of bargain and sale, with covenants of general warranty, from Benjamin Pollard of Norfolk borough to Robert Gibson of the same place, one of them dated the 1st of January 1807, conveying to said Gibson, for the consideration of 1000 dollars, the said tract of 1390 acres, patented to the said Benjamin Pollard on the 19th of April 1788; and the other dated the 1st of August 1807, conveying to said Gibson, for the consideration of 1000 dollars, the said tract of 1125 acres, patented to said Benjamin Pollard on the 18th of April 1788: the former of which deeds was attested by three subscribing witnesses, and proved by them before the Hustings Court of Norfolk borough on the 25th of February 1807, and ordered to bo recorded, and to be certified to the Court of Greenbrier county, to be there also recorded; and on the certificate of that order was ordered to record in the General Court on the 9th of June 1808; and the latter of which deeds was unattested, but acknowledged by Benjamin Pollard before the said Hustings Court on the 1st of August 1807, and ordered to be recorded, and again acknowledged by him before the said Hustings Court on the 28th of September 1807, and ordered to be certified to the County Court of Greenbrier, to be there also recorded; and on the certificate of these orders was ordered to record in the General Court on the 9th of June 1808 : which last mentioned evidence was objected to by the demandants but permitted to go to the jury. To which last decision of the Court, the demandants again excepted.
*76 It does not appear what further evidence,.if any, was given, either on the part of the tenant or of the demandants ; or that after the verdict rendered for the tenant any motion was made by the demandants for a new trial.
And the Court is of opinion, that the documents so successively offered by the tenant, and objected to by the- demandants, were links of a chain of evidence, and if legal and proper evidence taken as a whole, the order of time in which the several parts were introduced is immaterial, and presents no ground for impeaching the judgment as erroneous.
The said documents, if unobjectionable on the score of being copies only instead of the original papers, were legal and relevant evidence on the subject of the identity of Benjamin Pollard, the ancestor of the demandants, with Benjamin Pollard, the grantee in said patent for 2500 acres under which they claimed. We know not what evidence of such identity had been furnished by the demandants, further than the correspondence of the name of their ancestor with that of the patentee. They would not have been bound to furnish more, in the absence of all 'evidence to prove the existence of another person of the same name at the time the grant was made. And the mere proof of the existence of another person of the same name might have been overcome by the production on the part of the demandants of the original patent; and thus furnishing presumptive evidence that it had come to the hands of their ancestor. But the question of identity was one for the decision of the jury ; and whether the evidence of the demandants was strong or weak, it was competent for the tenant to introduce rebutting evidence on that point. He had a right to produce such evidence for the purpose of proving that there was a person in existence at the date of .the patent named Benjamin Pollard, who was a different person from Benjamin *77 Pollard the ancestor of the demandants ; and whether his evidence was sufficient proof of that fact, and if so, which of the two Benjamin Pollards was the patentee, were matters for the consideration of the jury.
The deeds for the two tracts of 1125 and 1390 acres, one of them proved, and the other acknowledged, before the Hustings Court of Norfolk borough, were pertinent evidence to prove the existence of Benjamin Pollard, the grantor therein. They purport on their face to have been made by Benjamin Pollard, of Norfolk borough, and the fact is verified by the oaths of the subscribing witnesses in regard to the one, and the acknowledgment of the grantor in regard to the other. The evidence in the one case, and the acknowledgment in the other, were received and acted upon by a Court of record of competent jurisdiction, the justices of which could not have certified the proof or acknowledgment, unless they had been satisfied, from the evidence of witnesses, or their own knowledge of the grantor, that the deeds were what they purported to be, the acts of Benjamin Pollard of Norfolk borough. The proceeding was before a probat jurisdiction and in the nature of a proceeding in rem, intended to give notice to the whole world, and to stand in perpetuam rei memoriam. It cannot be said that there was better evidence of the existence of a person named Benjamin Pollard of Norfolk borough. It is true a witness might have been examined, if one could be found, for the purpose of proving that he had known such a person ; but that, if equally satisfactory, would not have been evidence of a higher character. Such evidence of a witness might have been introduced, in addition to that furnished by the proof and acknowledgment of the deeds; and, for aught that appears to the contrary, may have been introduced on the trial; but the quantum of relevant proof which ought to have been satisfactory was a matter for the decision of the jury.
*78 The patents for the two tracts of 1125 and 1390 acres, and the surveys upon which they were founded, were proper evidence for the purpose of identifying Benjamin Pollard, the grantor of those tracts, with Benjamin Pollard, the grantor of the tract of 2500 acres, and they furnished strong proof of such identity. The three patents were issued about the same time, for lands in the same county and vicinity, upon surveys of nearly the same date, all made for Henry Banks, and all of them, in the whole or in part, by virtue of the same warrant. The three surveys were assigned by Henry Banks to Benjamin Pollard, by endorsements thereon severally made, all bearing the same date, and all attested by the same witness. It does not appear that any witness was examined at the trial to prove said assignments, and no proof of the execution thereof was necessary. The law authorizes the assignment of a survey, and the issuing of a patent thereon to the assignee. It is enough that the register of the land office be satisfied of the genuineness of the assignment, and it cannot be questioned; in ^ny collateral proceeding. If it had been necessary to proVe on the trial the execution of the assignments, the testimony of the subscribing witness would have been requisite, or proof of his handwriting, if he could not be had ; and, unless under peculiar circumstances, Benjamin Pollard, the assignee could not have been examined, if living, to prove the assignments.
In this state of the case, the question of fact as to the identity of Benjamin Pollard, the ancestor of the demandants, with Benjamin Pollard, the patentee of the land in controversy, was fairly before the jury, and open to any additional evidence which the parties might introduce on that subject. It was competent for the demandants to prove, if they could, that Benjamin Pollard of Norfolk was their ancestor, or that he was not the same Benjamin Pollard to whom the patent for the *79 tract of 2500 acres issued; or to connect Benjamin Pollard their ancestor with the patent for 2500 acres by circumstantial evidence, such as his exercising acts of ownership over the land, without any adverse claim thereto, or over lands in the same vicinity held or claimed by him under the like derivation of title. On the other hand, it was competent for the tenant to prove, if he could, that Benjamin Pollard of Norfolk was not the ancestor of the demandants, or that he was the same Benjamin Pollard to whom the patent for the tract of 2500 acres issued : or to connect Benjamin Pollard of Norfolk with the patent for 2500 acres by circumstantial evidence, such as his exercising acts of ownership over the land, without any adverse claim thereto for many years, or over lands in the same vicinity held or claimed by him under the like derivation of title. In fact, the tenant by the introduction of the surveys, assignments, patents and deeds aforesaid, had already connected Benjamin Pollard of Norfolk with the patent for the 2500 acres, by shewing that he had exercised acts of ownership over the tracts of 1125 and 1390 acres, claimed by him under the like derivation of title, by selling and conveying the same to Gibson. What further evidence, if any, on the subject of identity was introduced by either of the parties, we are not informed by the record. It cannot be said that the testimony of Benjamin Pollard of Norfolk, if living, would have been the best evidence to prove that he was the patentee of the 2500 acres; for though, if living, his testimony might, perhaps, have been the most satisfactory to the jury, yet the testimony of any other witness who knew the fact would have been equally admissible, and possibly more credible; and the evidence of the tenant’s title not appearing in the record, we have not, moreover, the means of knowing whether Benjamin Pollard of Norfolk would have been a competent witness in the cause for any purpose.
*80 The Court is therefore of opinion, that the originals °f the documents mentioned in the several bills of exception, as offered by the tenant, and permitted to be read to the jury, would have been legal and relevant evidence uPon the question of the identity of the patentee of the land in controversy; to have such weight on that question, in connection with the other evidence in the cause, as the jury might think them entitled to. And that said documents being duly authenticated copies, were equally admissible with the originals, unless the latter were in the hands of the tenant, and reasonable notice had been given him to produce them at the trial.
As to copies of deeds duly admitted to record in the proper Court, they are admissible evidence for the reasons assigned by this Court upon the former appeal. The copies then in the record, it is true, were held not to be admissible; but the reason was that they were certified from the Hustings Court of Norfolk, which had no authority to record the originals; whereas the copies in the record upon the present appeal, are certified from the General Court, where the originals were admitted to record, under the act of 1792, (1 Old Rev. Code, p. 156, § 5,) on the certificate of the proof and acknowledgment thereof in the said Hustings Court.
As to copies of surveys of waste and unappropriated lands, the originals are returned to the land office, in order that patents may issue thereon, and are not delivered thence to the patentee, but retained as evidence of the authority for issuing the patents, and to be treated as parts of the public archives.
As to copies of grants, though the originals are delivered to the patentees, when required, they are recorded in the land office, and the records thereof are evidence to the whole world, and in all controversies, of the disposition made by the Commonwealth of the public domain.
It is therefore considered by the Court, that there is no error in the judgment of the Circuit Court, and that the same be affirmed, with costs to the defendant in error.