## Richmond.

## SICKEL V. COMMONWEALTH.

### January 16, 1919.

### Reheard June 12, 1919.

1. INTOXICATING LIQUORS—*Prohibition Law—Indictment.*—An indictment for violation of the prohibition law (Acts 1916, p. 215) contained three counts. The first count charged that the defendant "did unlawfully bring into the State of Virginia, and into the said city of Richmond, from a point without the State of Virginia, ardent spirits for use in the State of Virginia." The second count charged that the defendant "did unlawfully bring into the State of Virginia, and into the said city of Richmond, from a point without the State of Virginia, within a period of thirty days, more than one quart of ardent spirits; and the third count charged that the defendant, at the said city, "did unlawfully transport ardent spirits from one point to another in the State of Virginia."

*Held:* That the indictment was sufficient and there was no error in overruling the demurrer to it.

2. INTOXICATING LIQUORS—*Indictment and Information — Bill of Particulars.*—In the instant case defendant asked for a bill of particulars, and the attorney for the Commonwealth stated in writing that the several counts of the indictment (see syllabus 1) constituted as good a bill of particulars as he could furnish.

*Held:* That there was no error in refusing to compel the attorney for the Commonwealth to furnish a better bill. Each count of the indictment gave the date when the offense was alleged to have been committed, and the city of Richmond as the point to which the ardent spirits were transported, and that was all the information needed to enable the defendant to concert his defense. The offense charged was not one likely to be committed in public, and the place from which the spirits were transported was probably unknown to the grand jury. To require its allegation and proof would be of no assistance to the defendant, and would, in many cases, defeat the object of the statute.

3. INTOXICATING LIQUORS—*Interstate Commerce — Reed-Jones Amendment.*—To the indictment as set out in syllabus 1, defendant pleaded to the jurisdiction of the court as to the offenses charged in counts 1 and 2. The attorney for the Commonwealth demurred to the plea, and the trial court sustained the demurrer.

*Held:* No error.

4. INTOXICATING LIQUORS—*Interstate Commerce — Reed-Jones Amendment.*—Each of the counts referred to in the preceding syllabus charged that the defendant did unlawfully bring ardent spirits into the State from a point without the State. It did not charge that the defendant did "order, purchase or cause intoxicating liquors to be transported in interstate commerce," nor did the plea to the jurisdiction contain any averment of fact that would bring the charge within the terms of the act of Congress. (Reed-Jones amendment, section 5, act of Congress, March 3, 1917, U. S. Comp. St. 1918, sections 8739a, 10387a-10387c.) What the defendant was charged with and what the State punishes, is the unlawful bringing of ardent spirits into the State in any manner whatever, except as provided by the statute. None of the offenses charged in the indictment is the same as any of those created by and for which a punishment is imposed by the Reed-Jones amendment. If the defendant was in fact engaged in interstate commerce in bringing the ardent spirits into the State, and he wished to raise the question of the right of the State to punish him for bringing it in in that capacity, it was a matter of defense which he should have set out in his plea.

ON REHEARING.

5. INTOXICATING LIQUORS—*Interstate Commerce—Reed-Act — Construction—Penal Statute.*—The act of Congress of March 3, 1917, ch. 162, sec. 5, 39 Stat. at L. 1069 (U. S. Comp. St. 1918, sec. 8739a) is highly penal in its nature, and is to be strictly construed, and in order to bring a case within its purview it must come within both the spirit and letter of the act. There are no such things as constructive crimes.

6. INTOXICATING LIQUORS—*Interstate Commerce — Reed Act — Instrumentalities of Commerce.*—Under this act (act of Congress of March 3, 1917, ch. 162, sec. 5, 39 Stat. at L. 1069, U. S. Comp. St. 1918, sec. 8739a, if a citizen of another State who is the owner of a quart of whisky, which he has owned for years, and which was purchased for his private use, brings it into this State in any way, he violates the State law, but if he uses no instrumentality of interstate commerce and intends to use the whisky so acquired solely for his personal purposes, he

does not violate the federal act. It cannot be said that he ordered, purchased or caused "intoxicating liquors to be transported in interstate commerce."

7. INTOXICATING LIQUORS—*Reed Act—Indictment—Exceptions and Provisos.*—The act of Congress (act March 3, 1917, ch. 162, sec. 5, 39 Stat. at L. 1069, U. S. Comp. St. 1918, sec. 8739a, excepts from its operation transportation for "scientific, sacramental, medicinal, and mechanical purposes." If the transportation is for any one of these purposes, it does not violate the federal statute. And, in an indictment under the federal statute, it is necessary for the indictment to negative the exception. There is a difference between an *exception* to a statute and a proviso annexed to it. The act of Congress contains both. In an indictment under such a statute it is necessary for the indictment to negative the exception, but not the proviso.

8. STATUTES—*Pleading—Exceptions and Provisos.*—The rule in regard to pleading exceptions and provisos in a statute is generally stated in the following form: In case of a statute which contains an exception in the enacting clauses, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party. The better statement of the rule, however, appears to be that when the matter of the proviso or exception in the statute, whether it be embraced within what has been termed the enacting clause or not, enters into and becomes a part of the description of the offense, or a material qualification of the language which defines or creates the offense, the negative allegation in the indictment is requisite. But where it is a subsequent exemption, or occurs in a separate and distinct clause or part of the statute, disconnected with the statutory description of the defense, the negative averment is unnecessary.

9. INTOXICATING LIQUORS—*Prosecution Under State Law—Requisites of Plea of Exclusive Federal Jurisdiction.*—In the instant case accused was prosecuted for violation of the State prohibition law. In order to show the applicability of the federal statute (act of Congress of March 3, 1917, ch. 162, sec. 5, 39 Stat. at L. 1069, U. S. Comp. St. 1918, sec. 8739a, assuming for the purpose of the case its exclusive character, it was necessary for the defendant, by his pleading, to have shown a state of facts which brought his case within the statute. This he could only have done by pleading substantially what it would have been necessary to have alleged in an indictment in the federal court under the act of Congress. It was not sufficient simply to plead that Congress, by an act

approved March 3, 1917, "passed a law regulating the trans-
portation of intoxicating liquors in interstate commerce as
follows: Section 5 of Acts of Congress approved March 3,
1917," and then give the language of that section. The plea
should have gone further and made a proper allegation of
the facts, and have alleged that the transportation was not
within the exceptions enumerated in the statute. This it
failed to do, and for this reason it failed to make out a case
within the exclusive jurisdiction of Congress, if such act was
intended to be exclusive.

Error to a judgment of the Hustings Court of city of
Richmond.

*Affirmed.*

The opinion states the case.

*G. K. Pollock* and *D. H. Leake,* for the plaintiff in error.

*John R. Saunders, Attorney General,* and *J. D. Hank, jr.,
Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1]   The plaintiff in error, hereinafter designated as the
defendant, was indicted, tried and convicted for a violation
of the prohibition law (Acts 1916, p. 215).   The indict-
ment contained three counts.   The first count charges that
the defendant "did unlawfully bring into the State of Vir-
ginia, and into the said city of Richmond, from a point
without the State of Virginia, ardent spirits for use in the
State of Virginia."   The second count charges that the de-
fendant "did unlawfully bring into the State of Virginia,
and into the said city of Richmond, from a point without
the State of Virginia, within a period of thirty days, more
than one quart of ardent spirits;" and the third count
charges that the defendant, at the said city, "did unlaw-
fully transport ardent spirits from one point to another in

the State of Virginia." The defendant pleaded to the juris-
diction of the court as to the offenses charged in counts 1
and 2, the attorney for the Commonwealth demurred to the
plea, and the trial court sustained the demurrer. The de-
fendant then demurred to the indictment and to each count
thereof, the attorney for the Commonwealth joined in the
demurrer, and the court overruled it. He then asked for
a bill of particulars, and the attorney for the Common-
wealth stated in writing that the several counts of the in-
dictment constituted as good a bill of particulars as he
could furnish. The defendant objected to the sufficiency
of the bill, but the court overruled his objection, and the
defendant excepted. He then pleaded not guilty and the
trial proceeded, and the jury found him guilty and fixed
his punishment at a fine of fifty dollars and imprisonment
in jail for one month. He then moved in arrest of judg-
ment, but his motion was overruled and judgment entered
on the verdict. To the foregoing proceedings and rulings
this writ of error was awarded.

The indictment is in all respects substantially the same
as that held to be sufficient in *Lucchesi* v. *Commonwealth.*
122 Va. 872, 94 S. E. 925. There was no error, therefore,
in overruling the demurrer to the indictment.

[2] Neither was there any error in refusing to compel
the attorney for the Commonwealth to furnish a better bill
of particulars. Each count of the indictment gave the date
when the offense was alleged to have been committed, and
the city of Richmond as the point to which the ardent
spirits were transported, and that was all the information
needed to enable the defendant to concert his defense. The
offense charged was not one likely to be committed in pub-
lic, and the place from which the spirits were transported
was probably unknown to the grand jury. To require its
allegation and proof would be of no assistance to the de-
fendant, and would, in many cases, defeat the object of

the statute. The indictment sufficiently informed the defendant of "the cause and nature of his accusation."

[3, 4]    The plea to the jurisdiction was in the following words and figures, to-wit:

"This defendant in his own proper person comes and says that the court is without jurisdiction to try the charges contained in the first and second counts of the indictment herein, for this, to-wit: that the Congress of the United States of America, by an act approved March 3, 1917 [39 Stat. 1069, c. 162], and known as the Reed-Jones amendment, passed a law regulating the transportation of intoxicating liquors in interstate commerce, as follows: section 5 of act of Congress, approved March 3, 1917 (effective July 1, 1917):

" '* * * Whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal and mechanical purposes, into any State or Territory, the laws of which State or Territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be punished as aforesaid; provided, that nothing herein shall authorize the shipment of liquor into any State contrary to the laws of such State; provided further, that the postmaster-general is hereby authorized and directed to make public from time to time in suitable bulletins or public notices the names of the States in which it is unlawful to advertise or solicit orders for such liquors.' [U. S. Comp. St. 1918, secs. 8739a, 10387a-10387c.]    And this he is ready to verify. Therefore, he prays judgment whether any further proceedings be had under the first and second counts of the indictment in this tribunal."

This plea presented no defense, and the demurrer thereto was properly sustained. Very able arguments were made before us as to the effect of the "Reed-Jones amendment," referred to in the plea; counsel for the defendant insist-

ing that the amendment took away from the States power to punish for bringing intoxicating liquors into the State from another State, and the Attorney General taking the opposite view. In the view we take of the case, that question is not involved. Each of these counts charges that the defendant did unlawfully bring ardent spirits into the State from a point without the State. It did not charge that the defendant did "order, purchase or cause intoxicating liquors to be transported in interstate commerce," nor did the plea contain any averment of fact that would bring the charge within the terms of the act of Congress. To hold such a plea good would require us to decide that intoxicating liquor could not by any means get into the State except by interstate commerce, and that a charge that the defendant unlawfully brought ardent spirits into the State was the equivalent of charging that he did unlawfully order, purchase or cause intoxicating liquors to be transported in interstate commerce into the State, and this we are not prepared to do. What the defendant was charged with doing and what the State punishes, is the unlawful bringing of ardent spirits into the State in any manner whatever, except as provided by the statute. None of the offenses charged in the indictment is the same as any of those created by and for which a punishment is imposed by the act of Congress aforesaid. The State punishes the bringing of ardent spirits into the State, although it is private property brought in by an individual citizen for his personal use. There is no allegation in the plea that takes the case out of the State statute, or brings it within the act of Congress, even if the latter superseded the former as to the offenses which are created by the act of Congress. The evidence is not certified, and we have no means of knowing how the ardent spirits were brought in, nor is that at all material to our present inquiry, which relates only to the sufficiency of the charge. If the defendant was in fact

engaged in interstate commerce in bringing the ardent spirits into the State, and he wished to raise the question of the right of the State to punish him for bringing it in in that capacity, it was a matter of defense which he should have set out in his plea.

The defendant sought to raise the same question, and no other, by his motion in arrest of judgment. The motion was properly overruled for the reasons just stated.

There is no error in the judgment of the hustings court, and it will accordingly be affirmed.

*Affirmed.*

### REHEARD JUNE 12, 1919.

BURKS, J., delivered the opinion of the court.

A petition has been filed in this case to rehear the judgment entered January 16, 1919.

[5] No question is involved as to the power of Congress to regulate interstate commerce, but simply whether the accused has brought himself within the act of Congress. Act March 3, 1917, c. 162, sec. 5, 39 Stat. 1069 (U. S. Comp. St. 1918, sec. 8739a). The act of Congress is highly penal in its nature and is to be strictly construed, and in order to bring a case within its purview it must come within both the spirit and letter of the act. There are no such things as constructive crimes. *Church of the Holy Trinity* v. *United States*, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; *Withers* v. *Commonwealth*, 109 Va. 837, 65 S. E. 16.

The act of Congress is in the following words: "Whoever shall order, purchase or cause intoxicating liquors to be transported in interstate commerce, except for scientific. sacramental, medicinal and mechanical purposes, into any State or Territory, the laws of which State or Terri-

tory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be punished as aforesaid" (a fine of not more than $1,000, or imprisonment for not more than six months, or both) ; "provided, that nothing herein shall authorize the shipment of liquor into any State contrary to the laws of such State; provided further, that the postmaster-general is hereby authorized and directed to make public from time to time in suitable bulletins or public notices the names of States in which it is unlawful to advertise or solicit orders for such liquor."

[6]   Under this act, if a citizen of Maryland who is the owner of a quart of whiskey, which he has owned for years, and which was purchased for his private use, brings it into the State in any way, he violates the State law, but if he uses no instrumentality of interstate commerce and intends to use the whiskey so acquired solely for his personal purposes, he does not violate the federal act.   It cannot be said that he ordered, purchased or caused "intoxicating liquors to be transported in interstate commerce."   We have been referred to the *Dan Hill Case*, decided by the Supreme Court of the United States January 13, 1919, 248 U. S. 420, 39 Sup. Ct. 143, 63 L. Ed. 165, as taking a different view, but the facts were entirely different.   There the transportation was by an instrumentality of interstate commerce. Here we are supposing it to be by private means.   In that case there were dissenting judges, but in the majority opinion of Mr. Justice Day it is said that "Congress enacted this statute because of its belief that  *  *  *  *the facilities of interstate commerce* should be denied to the introduction of intoxicants *by means of interstate commerce,* except for the limited purposes permitted in the statute, which have nothing to do with liquor when used as a beverage." (Italics supplied.)   This being a criminal statute, if its object was simply to prohibit the use of the *facilities of interstate commerce* for the transportation of liquor, it can-

not be extended to private transportations where the *"facilities* of interstate commerce" are not used, without straining the language used far beyond what is permissible in a criminal case. The language of the statute is "to be transported in interstate commerce," which was, in all good reason, held to mean by the use of "the facilities of interstate commerce," and was not extended to transportation by private means.

[7] Again, the act of Congress excepts from its operation transportation for "scientific, sacramental, medicinal or mechanical purposes." If the transportation was for any one of these purposes it did not violate the federal statute. If the petitioner had been indicted under the federal statute, it would have been necessary for the indictment to have negatived the exception, as was done in the *Dan Hill Case.* There is a difference between an *exception* to a statute and a *proviso* annexed to it. The act of Congress contains both. In an indictment under such a statute it is necessary for the indictment to negative the exception, but not the proviso. The rule is well stated in section 199 of Beale's Criminal Pleading and Practice, for which abundant authority is cited as follows:

[8]    "The rule is generally stated in the following form: In case of a statute which contains an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party. The better statement of the rule, however, appears to be, that when the matter of the proviso or exception in the statute, whether it be embraced within what has been termed the enacting clause or not, enters into and becomes a part of the description of the offense, or a material qualification of the language which defines or creates the offense, the negative allegation in the indictment is requisite. But

where it is a subsequent exemption, or occurs in a separate and distinct clause or part of the statute, disconnected with the statutory description of the offense, the negative averment is unnecessary.

\*        \*        \*        \*        \*        \*

"An indictment for an unlicensed sale of liquor, sales being permitted when licensed, must negative a license; or if permitted for medical purpose, must negative such purpose. An indictment for working on Sunday must negative that it was work of necessity; but not that defendant was excused from the operation of the statute for conscientious reasons. Imprisonment or kidnapping without lawful authority must negative the authority."

[9] In *Commonwealth* v. *Hill*, 5 Gratt. (46 Va.) 682, it was held that what comes by way of a *proviso* in a statute must be insisted on for the purpose of defense *by the party accused,* but where exceptions are in the enacting part of the law, it *must be charged* that the defendant is not within any of them. So in the case at bar, in order to show the applicability of the federal statute, assuming for the purpose of this case its exclusive character, it was necessary for the defendant, by his pleading, to have shown a state of facts which brought his case within the statute. This he could only have done by pleading substantially what it would have been necessary to have alleged in an indictment in the federal court under the act of Congress. It was not sufficient simply to plead that Congress, by an act approved March 3, 1917, "passed a law regulating the transportation of intoxicating liquors in interstate commerce as follows: section 5 of acts of Congress approved March 3, 1917," and then give the language of that section. The plea should have gone further and made a proper allegation of the facts, and have alleged that the transportation was not within the exceptions enumerated in the statute. This it failed to do, and for this reason it failed

to make out a case within the exclusive jurisdiction of Congress, if such act was intended to be exclusive. The plea alleged no fact whatever. It simply stated the existence of a public act of Congress of which this court would have taken judicial notice.

Upon the former bearing, we held the plea of the defendant insufficient, and we now adhere to that conclusion.