## Richmond.

## JOE W. WATTS, *alias* J. D. WATSON, V. COMMONWEALTH.

March 17, 1921.

1. INTOXICATING LIQUORS.—*Prohibition Act—Sufficiency of Indictment.*—An indictment under the prohibition act which follows the statutory form is sufficient.

2. INTOXICATING LIQUORS. — *Indictment and Information — Second Offense.*—A demurrer to an indictment for violation of the prohibition act was properly overruled where the only difference between the indictment and that prescribed by the statute was that, inasmuch as the prosecution was for a second offense, the indictment alleged that fact clearly and distinctly as required by the statute.

3. INTOXICATING LIQUORS. — *Prohibition Act — Indictment — Bill of Particulars.*—Where upon a motion of one accused of violation of the prohibition act the Commonwealth was required to file a bill of particulars, a bill which informed the accused with clearness and certainty of the cause and nature of his accusation, naming the persons to whom, and designating the house, street, and city in which he was alleged to have illegally sold ardent spirits, is sufficient.

4 JURY AND JURY TRIAL.—*Drawing Jury—Repeal of Acts* 1918, *Chapter* 340.—Acts 1918, chapter 340, requiring jurors to be drawn from a list furnished by the judge is expressly repealed by Acts 1920, page 4, providing for drawing of juries from lists furnished by the jury commissioners.

5. INTOXICATING LIQUORS.—*Second Offense—Certified Copy of Order of Previous Conviction—Presumption of Regularity in Absence of Certificate of the Evidence.*—In a prosecution under the prohibition act for a second offense, the admission of a certified copy of an order of court, showing the previous conviction of accused and allowing a witness to testify to what could have been proved by the record of the court, was assigned as error.

*Held:* That inasmuch as there was no certificate of the evidence, the Supreme Court of Appeals must disregard this suggestion. There is no principle of law by which the court would have

been justified in refusing to admit the certified copy of the order; nor is it apparent how the accused was prejudiced by its introduction. In the absence of a certificate of the evidence, the regularity of the proceeding must be presumed.

6. APPEAL AND ERROR.—*Instructions—Instructions Must be Based on the Evidence—Failure to Certify the Evidence.*—Where the evidence is not certified to the appellate court, there is a presumption that there was sufficient evidence in the case to support an instruction, where there was nothing on the face of the instruction to indicate its illegality.

7. JURY AND JURY TRIAL.—*Polling the Jury.*—When the foreman, in the presence of each member of the jury, returns a verdict in open court, the rule is that if the accused doubts whether each member of the jury has agreed to such verdict, he may have each one polled before it is accepted. If he does not, the clerk, after reading the verdict, addresses the jury and says, "And so say you all." If none of the jury expresses any dissent from such verdict, it is recorded. It is certainly too late, after the verdict has been thus accepted and the jury discharged, to complain that they were not polled.

Error to a judgment of the Corporation Court of the city of Hopewell.

*Affirmed.*

The opinion states the case.

*David A. Harrison, Jr.,* and *J. Toomer Garrow,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused was convicted of a second offense under the prohibition law (Laws 1916, c. 146) and his punishment fixed at $5.00 fine and six months in jail. The writ of er-

ror would not have been allowed but for the recent statutes, requiring such allowance in all criminal cases, because it is manifest from the petition and record that no error is assigned or appears which would justify a reversal or a review of the case.

[1, 2]    One of the assignments of error is that the court overruled a demurrer to the indictment.   As the indictment follows the statutory form, which has been adjudged sufficient in *Pine & Scott* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652, the question must be considered as settled. The only difference between this indictment and that prescribed by the statute is that inasmuch as this was a prosecution for a second offense, the indictment so stated.   This allegation was made clearly and distinctly as required by the statute and the demurrer was properly overruled.

[3]    Upon motion of the accused the Commonwealth was required to file a bill of particulars, and objection is made to this bill as insufficient.   This objection rests upon no sufficient ground, for the bill of particulars informs the accused with clearness and certainty of the cause and nature of his accusation.   It named the persons to whom, and designated the house, street and city in which he was alleged to have illegally sold ardent spirits.

[4]    Exception was also taken to the *venire facias*, upon the allegation that the jury was improperly selected. This assignment is based upon the claim that the act of 1918 (Laws 1918, c. 340), requiring jurors to be drawn from a list furnished by the judge was in effect, whereas in fact that act had been expressly repealed by the act of January 29, 1920 (Acts 1920, p. 4).   This later act provided for drawing of juries from lists furnished by the jury commissioners, and the jury in this case was selected strictly in accordance with its provisions; so that the jury was properly constituted.

[5] It is also assigned as error that the court should not have admitted a certified copy of the order of the Corporation Court of the city of Newport News, showing that the accused had been previously convicted of unlawfully having and transporting ardent spirits; and in this connection it is said in the petition that a certain witness should not have been allowed to testify to what could have been proved by the record of the Corporation Court of the city of Newport News. Inasmuch as there is no certificate of the evidence, we must disregard this suggestion. We know of no principle of law by which the court would have been justified in refusing to admit the certified copy of the order. Nor do we perceive how the prisoner was prejudiced by its introduction. In the absence of a certificate of the evidence, we must presume the regularity of the proceeding.

[6]    Objection is made to the giving of an instruction, but inasmuch as the evidence is not certified, there is the presumption that there was sufficient evidence in the case upon which to base it; certainly, there is nothing upon the face of the instruction to indicate its illegality.

[7]    Again and finally, it is urged that the court erred in not polling each and every member of the jury, the polling of the jury not having been waived by the accused. It is not necessary in this State to poll each juror. When the foreman, in the presence of each member of the jury, returns a verdict in open court, the rule is that if the accused doubts whether each member of the jury has agreed to such verdict, he may have each one polled before it is accepted. If he does not, the clerk, after reading the verdict addresses the jury and says, "And so say you all." If none of the jury expresses any dissent from such verdict, it is recorded. It is certainly too late after the verdict has been thus accepted and the jury discharged, to complain that they were not polled, and the court properly overruled the

motion to set it aside. *Commonwealth* v. *Gibson,* 4 Va. (2 Va. Cas.) 73; *Bull* v. *Commonwealth,* 55 Va. (14 Gratt.) 633.

The statute (Acts 1920, p. 416) requires this court to allow writs of error in all criminal cases, without reference to their merits. The Virginia courts have for many years been rightfully commended because, while all the natural and constitutional rights of persons accused of crime have been respected, the administration and execution of the criminal laws have been prompt and efficient without any sacrifice of due and orderly procedure. This statute is manifestly retrogressive and harmful in its effects. It is injurious, not only to the public, but also to those litigants rightfully entitled to invoke the jurisdiction of this court for the correction of errors in the trial courts. The injustice to the public grows out of the consequential delay in the administration of justice, as well as the inevitable and unnecessary increase of those criminal expenses which are a charge on the public treasury. The wrong to the other litigants is that the time and attention of the judges of this court which could be better spent and is needed for the consideration and determination of their legal rights, must be consumed in hearing futile argument and, in writing opinions (as required by the Constitution) in such cases as this, in which it is clear from the record presented that no right has been denied and that justice has already been done in the trial court. For those thus rightfully convicted it accomplishes nothing except delay, while it impedes, hinders, and delays all other litigation.

*Affirmed.*