# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## J. B. WEBB v. COMMONWEALTH.

### November 15, 1923.

1. INTOXICATING LIQUORS—*Storing—Indictment—Sufficiency.*—An indictment that charges the unlawful storing and possession of ardent spirits in the language of the statute, in a place clearly prohibited by law, is sufficient.

2. INTOXICATING LIQUORS—*Grand Jury—Member of the Grand Jury a Prohibition Officer.*—A bare reading of section 4853 of the Code of 1919 shows that to be a prohibition officer does not constitute any disqualification to serve as a grand juror.

3. INTOXICATING LIQUORS—*Grand Jury—Member of the Grand Jury a Prohibition Officer.*—As a matter of public policy it may be true that, when there are a large number of indictments for violation of the prohibition act under consideration, the court should exclude persons who are then actually engaged in enforcing this statute. This, however, must be left to the sound discretion of the trial courts.

4. INTOXICATING LIQUORS—*Storing—Outhouse—"Home"—Case at Bar.*— In the instant case accused was convicted under section 17 of the prohibition act (Acts 1918, ch. 388) for unlawfully storing ardent spirits in an outbuilding which was not his *bona fide* home. Accused claimed that the outhouse in question was within the curtilage, and hence the storing of liquor therein was at his *bona fide* home.

   *Held:* That this position was untenable, because section 61 of Acts of 1918, ch. 388, expressly provides that the word "home" "shall be the permanent residence of the person and his family, not including the curtilage or out-buildings," etc.

5. CRIMINAL LAW—*Witnesses—Search Warrant—Officer not Compelled to Disclose from whom he Obtained Information.*—In a prosecution for violation of the prohibition act, the refusal of the trial court to compel a witness, the officer who executed a search warrant, to disclose the name of the person who gave him the information which let to the issuance of the warrant is correct, and rests upon sound public policy.

Error to a judgment of the Circuit Court of Alleghany county.

*Affirmed.*

The opinion states the case.

*C. B. Cushing, J. A. Revercomb* and *Chapman Rever-comb*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused was indicted under section 17 of the prohibition act (Acts 1918, ch. 388) for unlawfully storing ardent spirits in an out-building which was not his *bona fide* home; was convicted, and is here as a matter of right assigning several errors.

[1] His first assignment is that the court erred in overruling his demurrer to the indictment. No authority is cited in support of this assignment, and it is sufficient to say that it charges the unlawful storing and possession of ardent spirits in the language of the stattute, in a place clearly prohibited by law, and that it is sufficient. *Pettus* v. *Commonwealth,* 123 Va. 806, 96 S. E. 161; *Sickel* v. *Commonwealth,* 124 Va. 821, 97 S. E. 783, 99 S. E. 678; *Watts* v. *Commonwealth,* 129 Va. 781, 106 S. E. 339; *Hilton* v. *Commonwealth,* 136 Va. 721, 117 S. E. 841.

[2, 3] The second and third assignments are based upon the allegation that one of the members of the grand jury which found the indictment was a prohibition officer. This point is raised first by demurrer to the indictment, and then by motion to quash it, both of which were overruled.

The qualifications of a grand juror are fixed by Code, section 4853, and the pertinent part thereof reads: "Each

grand juror shall be a citizen of this State, twenty-one years of age, and shall have been a resident of this State two years and of the county or corporation in which the court is to be held one year, and in other respects a qualified juror, and not a constable, or overseer of a road, and when the grand juror is for a circuit court of a county, not an inhabitant of a city."

A bare reading of this statute shows that to be a prohibition officer does not constitute any disqualification to serve as a grand juror.     As a matter of public policy it may be true that when there are a large number of indictments for violation of the prohibition act under consideration, the court should exclude persons who are then actually engaged in enforcing this statute.     This, however, must be left to the sound discretion of the trial courts.     The only case to which we have been referred is *Cook* v. *Commonwealth,* 114 Va. 882, 77 S. E. 608. It is there held that a supervisor of a county, who under certain circumstances has supervision and control over the roads of his district, is not an "overseer of a road" within the meaning of section 4853, and is therefore competent to serve as a grand juror.     The court committed no error in this respect.

[4] The fourth assignment of error relates to the granting and refusing of instructions.     The accused, relying on *Bare* v. *Commonwealth,* 122 Va. 783, 94 S. E. 168, claims that the outhouse in question was within the curtilage, and hence the storing of liquor therein was at his *bona fide* home.     This position is untenable because by the Acts of 1918, the act which was construed in that case, was re-enacted with amendments, and by section 61 it is now expressly provided that the word "home," as used in the act, "shall be the permanent residence of the person and his family, not including the curtilage and out-buildings," etc.     The court gave the amended

statute the proper construction, and the refusal of the instructions offered for the accused based upon the contrary view was also clearly correct.

[5] The fifth assignment of error is not preserved by any bill or certificate of exception. We observe, however, that it is based upon the refusal of the court to compel the officer, Leffel, who made the arrest, to disclose the name of the person who gave him the information which led to the issuance of the warrant to search the out-building belonging to the accused. This ruling was correct, and rests upon sound public policy which appears to have been long perfectly well settled. *Worthington* v. *Scribner*, 109 Mass. 488, 12 Am. Rep. 736; *United States* v. *Moses*, Fed. Cas. No. 15, 825, 4 Wash. C. C. 727. In the latter case this is said: "Such a disclosure can be of no importance to the defense in this case, and may be highly prejudicial to the public in the administration of justice, by deterring persons from making similar disclosures of crimes which they know to have been committed. 1 Stark. Ev. 106; *Burr's Case*, in the circuit court of Virginia; 2 Stark. Ev. 400." 1 Greenleaf on Ev. (15th ed.), sec. 250, pp. 341-2.

It is unnecessary to say more of the sixth assignment of error than that the evidence of the Commonwealth shows that about three gallons of corn whiskey were found on the property of the accused in an out-building about twenty-five or thirty yards from his dwelling, and that the verdict of guilty is sufficiently supported by the evidence.

*Affirmed.*