COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia


JONATHAN KEVIN WRIGHT

v.          Record No. 0832-94-4          MEMORANDUM OPINION*
                                       BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    MAY 16, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Donald M. Haddock, Judge

          Richard C. Goemann, Senior Assistant Public Defender,
          for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Jonathan Kevin Wright (appellant) appeals from a judgment of

the Circuit Court of the City of Alexandria (trial court) that

approved his jury trial conviction for voluntary manslaughter.

The sole issue presented is whether the evidence is sufficient to

support that conviction.  Upon review of the record, we find that

the evidence is sufficient to support the judgment.

     Voluntary manslaughter is defined as the unlawful killing of

another without malice, actual or implied, upon sudden heat, or

reasonable provocation, or in mutual combat.  King v.

Commonwealth, 4 Va. (2 Va. Cas.) 78 (1817).  It is a common law

offense.  Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d

796, 797 (1981).  Punishment for that offense is established by

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 18.2-35.  To support a conviction for voluntary manslaughter the Commonwealth is not required to prove malice, either expressed or implied.  Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 219 (1984); Clark v. Commonwealth, 90 Va. 360, 18 S.E. 440 (1893).  When the evidence is clear, as here, that the accused inflicted the blow that caused the death of the victim, and the defense is self-defense, the burden is on the accused to prove that the killing occurred in self-defense.  See Frazier v. Weatherholtz, 572 F.2d 994 (4th Cir.), cert. denied 439 U.S. 826 (1978).

Upon familiar principles on appeal, when the issue is sufficiency, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Viewed in that light, the record reveals that appellant admitted that he inflicted the wounds by gunshot that resulted in the victim's death.  He contended that the shots were fired in self-defense.  According to appellant, he used the gun because the victim was advancing on him with a knife the victim had taken from the kitchen.

The Commonwealth presented evidence that showed appellant had bought the gun three or four months prior to the day he used it to kill the victim.  Appellant asserted that prior to coming toward him with the knife in her hand, the victim had pointed the gun at him and said:  "I kill you."  The gun, however, had been

laid aside on top of a video cassette recorder. When the paramedics answered a 911 call, they found the victim seated in an armchair next to a sofa. A knife was found on the sofa. The victim's fingerprints were not found on the knife. The paramedics also observed that when they arrived there was blood on the sofa and appellant's shirt, but none on the floor. A .38 caliber revolver was found under some papers on the dining room table. No fingerprints were found on the gun.

The victim died from multiple gunshot wounds. The victim was left-handed. Expert testimony disclosed that one of these wounds was to the victim's left hand, described as a "defensive wound" and that from the pattern of the wound he opined that her wounded hand had not held a knife when the bullet entered her hand. The expert also testified that other wounds were inflicted from a distance of one to no more than twelve inches.

Two bullets, fired from a distance of "no more than twelve inches," entered the victim's left breast and chest and traveled in straight lines backward, downward, and to the right before lodging in her back. Another bullet fired from no more than one inch entered the back of the victim's left shoulder and traveled in a straight line forward, downward, and to the right.

Based on his plea of self-defense, appellant contends that he was entitled to an acquittal as a matter of law.

> As a general rule, whether provocation, shown by credible evidence, is sufficient to engender the <u>furor brevis</u> necessary to rebut the presumption of malice arising from a homicide is a question of fact. Only when

- 3 -

the trial court, giving the defendant the benefit of every reasonable inference from the evidence, can say that the minds of reasonable men could not differ does the question become a question of law.

McClung v. Commonwealth, 215 Va. 654, 656, 212 S.E.2d 290, 292 (1975).

> The jury were not required to accept the defendant's statement as to how the killing occurred simply because the defendant said it happened that way and no witnesses testified to the contrary.  If from the improbability of his story and his manner of relating it, or from its contradictions within itself, or by the attending facts and circumstances, the jury are convinced that he is not speaking the truth, they may reject his testimony, even though his reputation for truth is not attacked and he is not contradicted by other witnesses.

Randolph v. Commonwealth, 190 Va. 256, 263, 56 S.E.2d 226, 229 (1949).  Moreover, even if the jury believed that the victim in some manner had threatened appellant, on this evidence, the jury could have found that appellant used more force than necessary to repel the threat.  See Cook v. Commonwealth, 219 Va. 769, 773, 250 S.E.2d 361, 364 (1979).

We hold that under these facts, it was not error to submit the issue to the jury, and that there is evidence to support its verdict and the judgment of the trial court.  Accordingly, that judgment is affirmed.

Affirmed.