### 12970.   KITTLE *v.* BROWN.

BROYLES, C. J.   1.   Where an unverified plea is filed to a suit on an unconditional contract in writing, and no objection to the plea is made at the first term, the plaintiff will be held to have waived his right to object to the plea at that term, but at a subsequent term he can move to strike the plea, on the ground that it was not sworn to.   Under such circumstances, however, the defendant then would have the right to amend his plea by verifying it.   *Ward* v. *Frick Co.,* 95 *Ga.* 804 (22 S. E. 899); *Bland* v. *Bird,* 134 *Ga.* 74 (2 *a*) (67 S. E. 427).

2. In the instant case, which was a suit on promissory notes, the defendant filed an unverified plea which was not objected to at the first term. At a subsequent term, on the call of the case and before either side had announced ready, the plaintiff moved to strike the plea, on the ground that it was not sworn to.   The court informed counsel for the defendant that he had the right to amend the plea by having it verified.   No amendment was offered, and the motion to strike the plea was sustained. Under these facts and the ruling in the preceding paragraph, the court did not err in striking the plea.

(a) In the exceptions pendente lite, complaining of the striking of the plea, it is alleged that " upon call of the case, the defendant's counsel stated that his client was sick and unable to attend court and that he desired to make a motion to continue said case; whereupon counsel for the plaintiff stated that he had a motion which had preference and then proceeded to make a motion that the defendant's plea be stricken, because the same was not sworn to; the court heard the motion to strike the plea and sustained the same, to which ruling the defendant hereby excepts and assigns the same to be error." It will be observed that the defendant's counsel made no motion for a continuance, but merely stated that he desired to make such a motion. Furthermore, the only assignment of error in the exceptions pendente lite is upon the striking of the plea; there being no exception to the failure or refusal of the court to entertain the motion for a continuance. Under these circumstances this court will not pass upon the abstract question whether a motion for a continuance of a case has precedence over a motion to strike a plea.

3. In an agreed statement of facts in the record it is admitted by counsel for both parties that, with the plea stricken, the evidence fully authorized the verdict and judgment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED FEBRUARY 14, 1922.

Complaint; from city court of Jefferson — Judge Bryson. September 2, 1921.

*Ray & Ray,* for plaintiff in error.

*H. C. Tuck, J. S. Ayers,* contra.