30856.   ANDERSON *v.* THE STATE.

DECIDED MAY 4, 1945.   REHEARING DENIED MAY 23, 1945.

*Young H. Fraser,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

GARDNER, J. ■ As to the general grounds, the evidence amply sustains the verdict. It was argued that the whisky could have been "planted." The jury very well could have reasoned that any-one wishing to "plant" whisky would not have sown so abundantly for such a contemplated harvest; that a much smaller quantity would have produced the same yield. While it is true also that the defendant submitted his general reputation for good character, and those who knew him sustained him in this regard, a reputation for good character is a substantive fact and may within and of itself be sufficient to create in the minds of the jury a reasonable doubt as to the defendant's guilt; nevertheless, if the jury should believe the defendant guilty beyond a reasonable doubt, it is their duty to convict him notwithstanding evidence of his good character. General reputation for good character which the law contemplates is what the public in the community in which the defendant lives say about him. His real character is locked within his own bosom. It may, perhaps, be that the jury concluded that the key which unlocked the storage room unlocked the view as to the defendant's real character, of which his neighbors knew nothing. At any rate, whether the jury reached their verdict by this process of reasoning or some other, from the record they were warranted in returning a verdict of guilty. This being true, this court is without authority to disturb it.

■ When the defendant was called on to plead to the indictment he filed a challenge to the array of the jurors empaneled to try him. The court, after hearing evidence, overruled this plea on November 22, 1944. His conviction bears the same date. There were no exceptions pendente lite to the overruling of the challenge to the array. The defendant's motion for a new trial was overruled on February 23, 1945. His bill of exceptions to the overruling of the motion for a new trial was presented and signed on March 2, 1945. The exception to the judgment overruling the challenge to the array is made in the motion for a new trial in the first special ground thereof. A challenge to the array of jurors empaneled to try a defendant is in the nature of a preliminary plea and rulings thereon, as in the case of demurrers, pleas in abatement, and motions to change the venue, are not proper grounds for a motion for new trial. In *Hargroves* v. *State*, 179 *Ga.* 722 (177 S. E. 561), the Supreme Court said: "No exception pendente lite was taken to the ruling of the court on the challenge to the array of jurors, but this ruling was assigned as error in the motion for new trial and in the bill of exceptions. In this State a ruling of the trial judge upon such a preliminary issue can not be considered where no exception pendente lite was reserved and the final bill of exceptions was not filed in time for the assignment of error to be considered as a ground of the motion for new trial. This court can consider only such exceptions as were taken within twenty days before the tendering of the bill of exceptions, where no exceptions pendente lite were taken." Also see *Mattox* v. *State*, 181 *Ga.* 361 (182 S. E. 11), and cit. Thus it will be seen that the judgment of the court overruling and denying the challenge to the array of trial jurors was made more than 20 days before the presentation and signing of the bill of exceptions to the overruling of the motion for a new trial. This is jurisdictional and the court has no authority to consider the order overruling the challenge to the array of jurors.

■ The September term of the superior court of DeKalb County convened on September 4, 1944, after the defendant had been apprehended. The grand jury did not indict the defendant; but filed its presentments and dispersed. The petit jury was discharged for the term. Thereafter, the judge reconvened the grand jury and reminded them that they had a right to consider the case

against the defendant even though the city court of Decatur had jurisdiction of the offense. The grand jury returned an indictment against the defendant for the offense for which he was convicted. The sheriff, without consulting the court, accepted a bond for the appearance of the defendant, returnable to the December term of court which convened on the first Monday in December, 1944. The condition of the bond was that the accused be and appear at the December term of court. The bond was for $1000. The court called a special term to convene on October 26, 1944. On this date the court convened. The case was called and the defendant did not answer. His attorney was present and stated to the court that the defendant was not there—that the bond was returnable to the December term; whereupon the court stated in effect that he had not authorized a bond to be taken returnable to the December term of court. Thereupon, the sheriff went through the statutory form of forfeiting the bond. The court issued a bench warrant increasing the bond to $2500, and set the case for trial on the 22nd of November. On the last-named date the court convened, with the same petit jurors who were present on October 26, 1944. The case was called and the defendant put on trial. He first invoked a hearing upon a challenge to the array of jurors, which we have referred to in the second division of this opinion. After overruling the challenge to the array the court stated to counsel for the defendant that the court would put the jurors on their voir dire; whereupon the jurors were put upon their voir dire and were propounded the statutory questions provided in the Code, § 59-806, except question four. The jurors, in response to the questions propounded to them on the challenge to the polls, qualified. The attorney for the defendant, at this point, requested the court to propound two additional questions as follows: "(1) Did the juror consider that the defendant had engaged in flight and was a fugitive from justice by reason of the proceedings which occurred in their presence on October 26 wherein the defendant's bond was forfeited and the defendant was ordered rearrested under an increased bond? (2) Was the juror prejudiced against the defendant on that account?" The court refused to permit the additional questions to be propounded to the jurors. To this ruling the defendant excepted and assigns error as follows: "Movant contends that these additional voir-dire questions were pertinent because

each of the jurors then being questioned was in the courtroom on the date previous to the date of the trial when the bond of the defendant was illegally forfeited and when the court directed the rearrest of the defendant under an increased bond, and because each of the said jurors heard said proceedings and received the impression, it is contended by movant, that the court had charged the defendant with having engaged in flight which implied guilt. Movant contends further that the answers to these questions would have affirmatively disclosed that some, if not all, of said jurors, were disqualified as such jurors." It does not appear from the record that the defendant introduced aliunde evidence concerning the disqualification of the jurors in the challenge to the polls. Therefore the judge was not called upon to act as the trier of the jurors' qualifications. When the jurors qualified under their oaths in response to the questions on the voir dire, this rendered them prima facie competent. The judge committed no error in refusing to permit the additional questions to be propounded to the jurors. The Supreme Court held in *Brown* v. *State,* 141 *Ga.* 5 (5) (80 S. E. 320): "If a juror is not put on trial, the court may decline to allow other questions propounded on the voir dire than those prescribed by the statute." In *Polk* v. *State,* 148 *Ga.* 34 (95 S. E. 988), the Supreme Court said: " 'Where jurors on their voir dire had so answered the statutory questions as to prima facie qualify themselves as such, the court did not err in refusing to allow counsel for the accused to make further examination of the jurors.' *Lindsay* v. *State,* 138 *Ga.* 818 (76 S. E. 369). See *Duncan* v. *State,* 141 *Ga.* 4 (80 S. E. 317) ; *Woolfolk* v. *State,* 85 *Ga.* 69 (9 a), 93 (11 S. E. 814). . . Under the practice in this State of trying the competency of jurors, only the statutory questions can be asked in the first instance. If the juror answers the statutory questions satisfactorily, and is pronounced prima facie competent, and the parties put him before the court as trier, aliunde evidence of the untruthfulness of his answers must be offered, and it is not competent to propound questions to the juror himself to show his incompetency. It is within the province of the court to permit a further examination of the juror himself in rebuttal of the testimony offered to show his incompetency. *Nesbit* v. *State,* 43 *Ga.* 238, 248; *Carter* v. *State,* 56 *Ga.* 463 (3)."

As stated in the second division of this opinion, this court is without authority to pass upon the question as to whether the court committed error in overruling and denying the.challenge to the array. Even so, the writer, realizing that what he might say on this question is obiter dictum, still has no ·hesitancy in saying that even if the ruling of the court denying the challenge to the array had been properly preserved, and this court had thus obtained jurisdiction to pass upon the same, the court did not commit error. The challenge to the array set up the premature forfeiture of the bond in the presence of the jury who were empaneled to try and did try the defendant, and that they heard what the court said in reference to the forfeiture of the bond; and also in response to the plea the State's attorney admitted in open court that the jurors received the impression that the defendant was a fugitive from justice and had breached the terms of his bond. Admitting everything alleged·in the challenge to the array as being true, a challenge to the array was not the proper remedy. The defendant was confined to a challenge to the polls. For a distinction between a challenge to the array and a challenge to the polls, see *Humphries* v. *State,* 100 *Ga.* 260 (2) (28 S. E. 25), as well as the other authorities referred to in this division of the opinion.

■ When the sole commissioner was on the stand the defendant's counsel propounded to him the following question: "Who was it that made that complaint?" The court refused to permit the witness to answer the question. Error is assigned on this ruling for the following reasons: (a) The defendant contended that the whisky was "planted" for the purpose of harming him or the department of county police to which he belonged; (b) the identity of the commissioner's informant would materially aid him in resisting the charge for which he was being tried; (c) the person who made the complaint was not privileged under any rule of law. It appears from the record that Mr. Candler, in the discharge of his duty as commissioner of DeKalb County, had exclusive authority to employ and discharge at will the chief of police of the county and the other members of the county police force. The Code, § 38-1102, provides, among other things: "Nor shall official persons be called on to disclose any State matters of which the policy of the State and the interest of the community require concealment." So far as our individual research goes, we have been

unable to find any case where our appellate courts have passed on this identical question. Perhaps the reason is that heretofore that portion of the Code section quoted above has been interpreted to be so clear that counsel deemed the question precluded by the Code section itself. We admire the zeal with which able counsel for the defendant presents the question, even though for the first time. We admire equally as much his candor when in oral argument on this point he was questioned as to whether he had any authority for his position and replied that it would seem that the authorities were against him and he did not insist upon a new trial upon this ground. Even so, we think it might be well here (and of some benefit to the profession perhaps) to call attention to decisions of other States where the question has been decided. The solicitor-general cites them in his brief. They are: Lykens v. Bouchelle, 122 W. Va. 498 (11 S. E. 2d, 119), where it was held that "the head of the department where statements [of persons to public officers investigating a crime or possible crime] are reposed, will not ordinarily be required to disclose them by the court, when, in his [the court's] opinion the disclosure would be prejudicial to public service." Also Webb v. Commonwealth, 137 Va. 833 (120 S. E. 155), where that court held that the lower court did not err in refusing to compel the officer who made the arrest to disclose the name of the person who gave him the information which led to the issuance of the warrant to search the outbuildings of the accused for liquor, such ruling resting upon sound public policy. Also Dellastatious v. Boyce, 152 Va. 368 (147 S. E. 267), holding in effect that requiring a prohibition inspector to disclose from whom he obtained information on which a search warrant was based was erroneous as against public policy.

The court did not err in refusing to allow the witness to answer the question propounded.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*