## 18738. MORGAN v. THE STATE.

ARGUED SEPTEMBER 16, 1954—DECIDED OCTOBER 13, 1954—
REHEARING DENIED NOVEMBER 10, 1954.

*Archie L. Gleason, William M. Fleming, Jr.,* for plaintiff in error,

*George Hains, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

ALMAND, Justice. On March 9, 1954, James Willie Morgan was indicted for the murder of Eugene Talmadge Bryant by shooting him with a pistol. When the case came on for trial on May 3, 1954, and before arraignment, the defendant filed a written motion for a change of venue, which on oral motion of the solicitor-general was dismissed. On the trial the defendant was found guilty without a recommendation of mercy, and sentenced to death. His motion for a new trial on the general and two special grounds was overruled, and he assigns error on the order overruling his motion for a new trial, and also upon exceptions pendente lite which were taken to the order dismissing his motion for a change of venue.

■ It is insisted that the court erred in dismissing the motion for a change of venue. It is apparent from the record that the court dismissed this motion on the basis that, if the defendant proved everything alleged in the motion, it would not be sufficient

to authorize the court in its discretion to grant it. The ground of the motion was that the defendant could not obtain a fair trial in the Superior Court of Richmond County for the following reasons: that two daily newspapers published in Augusta, having a daily circulation of more than 20,000 each, on March 9, 10, 11, and 13, 1954, carried articles about and pictures of the defendant, the headlines being as follows: "Young Brothers Admit Slaying Cab Driver In Robbery Attempt"; "Bryant Slayers Held In Jail Without Bail"; "Confessed Slayers Of Cab Driver May Be Tried As Early As April 19"; "Two Indicted For Slaying Driver Of Taxicab In Attempted Robbery"; with articles reporting alleged confessions of armed robberies by the defendant; a news article stating action of the grand jury urging more severe sentences and weapon control, and referring to the grand jury as "shocked and appalled"; an article quoting the Solicitor-General of Richmond County as stating that he would prosecute the Morgans to the full extent of the law, and that he would not consider guilty pleas for a lesser offense; an editorial in the Augusta Chronicle referring to the charge against the defendant as "cold blooded," and "one of the most shocking chapters in the annals of crime in this community"; and a television and radio broadcast on March 11, 1954, with a picture of this defendant and a tape recording of an interview between the defendant and an announcer. It was alleged that said newspapers were read by all literate citizens of the county, and "are read by each and every person in the jury box of said county, and that the specific issues hereinafter complained of have been read by each and every person that will be empaneled to try this defendant"; that the newspaper articles and editorials, and television and radio broadcasts, were inflammatory in nature "with the purpose and intention of convincing the citizens of this county and particularly the citizens that would serve as jurors empaneled to try this defendant that the defendant was guilty of the charges and that said articles have indelibly impressed upon the minds of the persons who will serve as jurors empaneled this defendant of his guilt," thereby depriving him of an impartial jury in Richmond County; and that he was entitled to be tried before an impartial jury under the Constitutions of Georgia and of the United States, and would be denied due process of law under

said Constitutions if he is compelled to go on trial before a jury in said county.

On the hearing of the motion, the court inquired of counsel for the defendant, "Is that all you have got in your motion?", and counsel replied, "We stand ready to read these articles if Your Honor would like." After hearing argument, the court stated: "Taking every allegation in your motion here to change the venue, it doesn't attack a single juror that is subpoenaed here for the trial of this case." The record shows that the only evidence counsel for the defendant offered to present to the court in support of the motion was the newspaper articles referred to in the motion. The judge ruled that, if the defendant proved all of the allegations in the motion, it would not be sufficient for him to grant a change of venue.

In *Biggers v. State*, 171 *Ga.* 596 (156 S. E. 201), the defendant, under an indictment charging him with murder, filed a written motion for a change of venue and a continuance, one of the grounds of the motion being that the Atlanta Constitution, a daily newspaper published in the county in which the defendant was being tried, had published a false and malicious account of a former proceeding, where the defendant was tried on a prior date, wherein it was reported that 2 of the jurors voted for a life sentence, while the remaining 10 voted for the death penalty. It was alleged that these statements were not true, and that the jurors then empaneled, from whom the defendant must choose a jury, had read the newspaper article, and the same was calculated to and would influence the mind of an impartial juror. On the hearing, the court refused to permit the defendant to introduce in evidence testimony of members of the jury on the former trial as to how they stood regarding the verdict, and likewise refused to permit the defendant to prove by the jurors then empaneled that they had read the article in question. It was held that it was not error to deny the motion for a change of venue and a continuance; that the offer to introduce witnesses as to what happened on the former trial, and to prove whether the presently empaneled jurors had read the newspaper article, was not competent proof to show that there was prevailing in the county such general excitement and prejudice against the defendant as would require the postponement of the case to a

later date. In the opinion it was stated: "In the selection of a fair and impartial jury the prisoner was protected by his right to peremptory challenges, and to have the statutory voir dire questions propounded; and if these were not sufficient, the prisoner had his right of challenge to the poll and to have had any juror called to try him put upon the court as a trior and the question of such juror's competency and impartiality thoroughly tested." P. 598. "That a juror has formed or expressed an opinion from rumor or from newspaper reports will not disqualify him unless it appears that the opinion thus formed is so fixed and decided that it would not yield readily to the testimony." Williams v. State, 177 Ga. 391 (4) (170 S. E. 281). The inference of prejudice requiring a change of venue is not to be drawn from the fact alone that newspapers published in the vicinity have contained articles descriptive of the offense or editorials denunciatory of the accused. Outlaw v. State, 125 Tex. Crim. 636 (69 S. W. 2d 120 (3)). There is no specific allegation in the motion that any of the jurors who had been summoned to try the defendant in this case had read the newspaper articles, and by reason of the same had any fixed or unchangeable opinion as to the guilt or innocence of the defendant. The averments in this regard were mere general allegations that the local newspapers are read by all literate citizens of the county and by each and every person in the jury box. No offer was made on the hearing of any evidence or affidavits of witnesses that the defendant could not obtain a fair and impartial trial in Richmond County by reason of the published newspaper articles. Code § 27-1201 provides that the court may change the venue in the trial of the defendant in a criminal case where the evidence shows that he cannot obtain a fair and impartial trial in the county where the offense was committed. The mere fact that newspapers had carried items and editorials that the defendant had confessed the crime for which he stood indicted, or had published articles in regard to the defendant which were inflammatory in nature, would not of itself be sufficient to establish the fact that a fair and impartial trial could not be had in Richmond County, without further alleging that the jurors who had been summoned to try the case had read the articles and formed a fixed opinion as to the guilt or innocence of the

defendant from reading such articles. As to whether any juror empaneled for the defendant's trial had read the articles or formed any opinion therefrom, the right of the defendant in the selection of a fair and impartial jury was protected by the right of challenge to the poll, to have the voir dire questions propounded, and to have peremptory challenges. From the fact that two local newspapers gave a large amount of publicity to the case, it does not follow that such prejudice existed in the whole county as to make a fair and impartial trial impossible. Downs v. State, 111 Md. 241 (73 Atl. 893). Proof that prejudice exists or that a derogatory article has been published in one of the cities of a county is not proof that a fair trial cannot be had in the county at large, or that such county as a whole is prejudiced, and is not therefore sufficient to entitle one to a change of venue. State v. Gordon, 32 N. Dak. 31, 155 N. W. 59 (2). The allegations of the written motion of the defendant to change the venue were insufficient to show that an impartial jury could not be obtained in Richmond County, and it was not error to sustain the oral motion of the solicitor-general to dismiss.

■ The first amended ground of the motion for a new trial complains of the court's refusal to declare a mistrial. Officer Boatright, a witness for the State, on direct examination, in relating the facts relative to the arrest of the defendant, testified that, in searching the defendant's premises, he (the witness) found two guns and a slap-jack which belonged to a man who had been robbed on the previous night; and that the defendant and all other parties after their arrest told the witness about the robbery and murder. The ground of the motion for a mistrial was that, the defendant being on trial for murder, testimony as to a robbery which occurred the night before was prejudicial as putting his character in issue. The court, after instructing the jury not to consider any testimony of this witness as to robbery, denied the motion for a mistrial. After this ruling, no further motion for a mistrial was made. Another witness for the State, Jennings, a deputy sheriff, testified without objection from the defendant to similar facts as related by Officer Boatright.

This ground is without merit, for the reason that, after the court had instructed the jury not to regard any testimony as to

robbery, and had denied the motion for a mistrial, such motion was not renewed, and evidence similar to that complained of in the motion for a mistrial was admitted without objection. See *Wheeler* v. *State,* 179 *Ga.* 287 (1) (175 S. E. 540); *Carrigan* v. *State,* 206 *Ga.* 707 (4) (58 S. E. 2d 407).

■ The second amended ground asserts that the court erred in restricting the right of the defendant's counsel to cross-examine a witness for the State. While Officer Jennings was testifying, he stated that he and other officers, on the night of the defendant's arrest, went to the defendant's home with a search warrant, acting upon information given by third parties. The court, on objection of the State's counsel, refused to require the witness, on insistence of the defendant's counsel, to answer a question as to who had given him this information. The court ruled that it was immaterial and irrelevant who the informant was, and this ruling is assigned as error.

A trial judge may confine the cross-examination of a witness to questions relevant to the issues on trial. *Sims* v. *State,* 177 *Ga.* 266 (2) (170 S. E. 58); *Clifton* v. *State,* 187 *Ga.* 502 (4) (2 S. E. 2d 102). Code § 38-1102 provides that official persons shall not be called upon to disclose State matters of which the policy of the State requires concealment. In *Anderson* v. *State,* 72 *Ga. App.* 487 (4) (34 S. E. 2d 110), it was held that ordinarily one who acts in the capacity of a peace officer will not be required to disclose the name of his informant concerning the crime for which the accused is being tried, and that such rule rests upon sound public policy. There was no error in the court's refusal to require the witness to disclose the name of the person who gave the information.

We have carefully reviewed the evidence in this case. The written confession of the defendant, which related in detail the circumstances of the shooting of the deceased, is fully corroborated by direct and circumstantial evidence. It discloses a brutal and wanton slaying of an innocent person in order to rob him, and the verdict of guilty is fully authorized by the evidence.

*Judgment affirmed. All the Justices concur.*