38164. STAGGERS *v*. THE STATE.

DECIDED APRIL 5, 1960.

464

*J. Laddie Boatright,* for plaintiff in error.

*M. L. Preston, Solicitor,* contra.

GARDNER, Presiding Judge. ■ The defendant admitted that the liquor was his. Coffee County is a dry county. It follows that the evidence shows that the defendant was in illegal possession of whisky in a dry county. The evidence is sufficient to sustain the verdict of guilty.

■ Special ground 1 assigns error because it is contended that the court erred in admitting certain evidence to the jury, over objections of counsel for the defendant. The evidence pointed out in this special ground concerns ownership of a Chevrolet automobile, in which some of the liquor was found. Irrespective of whether or not the ownership of the car was proved (and we do not concede this point), the liquor found in the defendant's place of business was sufficient to convict him of the crime charged. Therefore, it would not matter whether or not the liquor found in the car belonged to the defendant. This special ground is not meritorious. Moreover, counsel for the defendant did not object to the inadmissibility of the evidence in regard to the ownership of the car at the time such evidence was presented, which omission amounted to a waiver of any objections that he might have urged as to the admissibility of the evidence. This special ground is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court erred in failing to charge the jury, without a request, to the effect that in order for a confession to be admissible it must have been made voluntarily without being induced by another, by the slightest hope of benefit or remotest fear of injury. See Code § 38-411. Also that the court should have charged Code § 38-420 which provides that an admission shall be scanned with care and confessions of guilt shall be received with great caution, and that a confession alone, uncorroborated by any other evidence, shall

not justify a conviction. No timely request was made for such a charge. We cannot agree with counsel for the defendant that such omission to charge is cause for a reversal where there is no request to so charge, even though such testimony was admitted without a prima facie showing of its admissibility and where it was denied by the defendant in his statement. See *Keen* v. *State*, 43 *Ga. App.* 331 (158 S. E. 611) and *Story* v. *State*, 145 *Ga.* 43 (2) (88 S. E. 548). This special ground is not meritorious.

■ Special ground 3 assigns error because it is alleged that the State failed to prove that the defendant, on the alleged occasion, possessed over the maximum legal amount of whisky in Coffee County or anywhere. We believe that the evidence did show conclusively that the defendant did possess more than the legal amount of whisky in Coffee County, a dry county. This special ground is not meritorious.

■ Special ground 4 assigns error because it is alleged that the court erred in failing to require Newsom Vickers, a witness for the State (and a police officer) to divulge the name of the informant, on cross-examination. It seems that counsel for the defendant insists on this ground because he is of the opinion that failing to divulge the identity of the informer left the defendant without information as to whether he was a mere informer or a plant or decoy. It is contended that this violated the defendant's right of cross-examination. Counsel cites in this regard *Crosby* v. *State*, 90 *Ga. App.* 63 (82 S. E. 2d 38). That case is not binding in the case at bar because of the difference in pleadings and facts. The instant case is controlled by *Morgan* v. *State*, 211 *Ga.* 172 (3) (84 S. E. 2d 365), wherein the Supreme Court said: "It was not error for the court, in the cross-examination of a police officer, to refuse to require him to disclose the name of the person who had given the officer information which led to the arrest of the defendant." This special ground is not meritorious.

The court did not err for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*