40809.   DEASON v. DEKALB COUNTY MERIT SYSTEM COUNCIL et al.

DECIDED SEPTEMBER 9, 1964.

E. T. Hendon, Jr., for plaintiff in error.

Herbert O. Edwards, Robert E. Mozley, contra.

BELL, Presiding Judge. ■ In two recent cases this court has declared its policy to be that it will protect and enforce the rights accorded governmental employees by various legislative enactments designed to stimulate and reward their faithful career services. Governmental employees' rights under these "civil service" Acts constitute vested interests and they may not be taken from them through indiscriminate, arbitrary or capricious means. *City of East Point v. Grayson,* 109 Ga. App. 413 (136 SE2d 434); *Scott v. Undercofler,* 108 Ga. App. 460 (133 SE2d 444).

Although the *City of East Point* and the *Scott* cases applied to specific and different statutes regulating the discharge of employees under "civil service" Acts, the policy of this court to enforce all employees' rights accorded by similar legislative enactments was there made clear and positive.

■ The petition for certiorari in this case contains three crucial paragraphs which, standing as admissions as they do by the respondent's omission and evasion, govern our judgment on this appeal adversely to the defendant in error.

These paragraphs are: "(2) Your petitioner shows that he was employed by DeKalb County, Georgia, as a patrolman with the Department of Public Safety and as such came under the Merit System of DeKalb County as created by Georgia Laws 1956, Volume II, Pages 3111 thru 3117. (3) That by letter dated October 16, 1962, Mr. William J. Graham, Jr. notified petitioner that his position with the DeKalb County De-

partment of Public Safety was terminated due to his failure 'to meet the physical requirements to perform the duties of patrolman.' (13) No physical requirements have ever been established or approved by the DeKalb County Merit Council for patrolmen with the Department of Public Safety as required by the Act of 1956, Pages 3113, Sec. 4."

The three paragraphs stand admitted for two reasons: (1) Under the ordinary rules of pleading; and (2) by reason of the respondent's failure to respond to them as required by the order of the trial court dated October 1, 1963, which, in sustaining petitioner's traverse to the respondent's answer, directed respondent within fifteen days to perfect its answer and further ordered that upon respondent's failure to perfect its answer "the allegations of the petition for certiorari shall stand as admitted." This order of the trial court stands unexcepted to and thus, whether right or wrong constitutes the law of the case. *Palmer v. Jackson*, 188 Ga. 336 (4 SE2d 28) ; *Cantrell v. Byars*, 72 Ga. App. 549, 551 (34 SE2d 568).

The record does not show an order of the court allowing the filing of an answer responsive to the order of October 1, 1963, nor an order ruling whether an answer later filed was deemed responsive or not, but there does appear in the record an answer which purports to have been filed pursuant to that order. This purported answer totally ignores paragraphs 2 and 3 of the petition. In this status the answer could not have been responsive to those paragraphs as required by the trial judge's order and they therefore must stand as admitted as the law of the case. Further, as these paragraphs referred to matters of which the respondent is necessarily presumed to have knowledge, for this reason also they must stand as admitted.

With respect to paragraph 13 of the petition, the purported answer reads as follows: "This defendant cannot admit the allegations of Paragraph 13 of the petition as alleged. The testimony of Doctor Butterworth as shown [in] plaintiff's Exhibit 'A' shows conclusively that physical requirements had been established." This portion of the answer also is not responsive as required by the trial judge's order. Thus it stands admitted as the law of the case. The purported answer to para-

graph 13 also stands as admitted under general rules of pleading since it is evasive.

An answer is evasive which refuses either to admit or deny a matter as to which the defendant is necessarily presumed to have knowledge. An evasive answer is treated as an admission of the averment. *Code* § 81-308; *Gaynor v. Travelers Ins. Co.*, 12 Ga. App. 601 (2) (77 SE 1072); *Jones v. Lawman*, 56 Ga. App. 764, 770-771 (194 SE 416). The respondent here being the very agency charged by law with the duty of administering the Merit System Act and charged with the duty of promulgating rules and regulations governing operations under the statute necessarily is presumed to have knowledge as to whether it had adopted rules and regulations controlling qualifications and standards of physical fitness for patrolmen. To compound respondent's evasiveness in answering paragraph 13, it is stated that ". . . The testimony of Doctor Butterworth as shown [in] plaintiff's Exhibit 'A' shows conclusively that physical requirements had been established." We have examined Dr. Butterworth's testimony and found that in answer to a query on the point he testified that "Nothing has been written as yet. We are in the process now of formulating a written set of standards for each position, but as yet it has not been approved or completed. I think it is in the formative stage right now."

■ The statute restraining the official action here is found in Ga. L. 1956, pp. 3111-3117. Paragraph 5 of this Act (p. 3115) explicitly provides: "No employee of any department or office of the county which has been brought under the merit system pursuant to this Act may be dismissed from employment in said department or office except for good cause and in accordance with the rules and regulations of the merit system council, as approved by the governing authority as aforesaid."

We wish specifically to emphasize the statute's language that no employee under the DeKalb County Merit System can be discharged "except for good cause and in accordance with the rules and regulations of the merit system council." That constitutes a clear and concise mandate which precludes the discharge of an affected employee by any other means. There can be no "good cause" warranting dismissal unless the "good cause"

is defined in the rules and regulations of the merit system council. In short if there are no appropriate rules and regulations covering a particular deficiency, there can be no discharge by reason of that deficiency.

Since it is admitted that the petitioner in certiorari was an employee within the merit system of DeKalb County, since it is admitted that no rules and regulations have been adopted governing the physical ability or disability of county patrolmen, since petitioner was discharged for reasons of physical disability to perform the duties of patrolman when there was no authority for his discharge for that deficiency, the discharge was arbitrary, indiscriminate, and void.

*The judgment dismissing the petition in certiorari is reversed. Jordan and Eberhardt, JJ., concur.*