49491. HORTON v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of the offense of aggravated battery.

The defendant enumerates as error (1) the trial judge's failure to grant a continuance or postponement as requested prior to trial, and (2) the denial of his motion for new trial on the ground that his attorney, George Hoyt, "had been hired only a few minutes prior to the convening of court and had not had an opportunity to examine or subpoena witnesses, obtain a transcript of the prior trial or in any manner prepare for said trial."

A review of the transcript reveals the following: "December 3, 1973. 10:23 a.m. The Court: What case do you call, Mr. Hayes? Mr. Hayes: I call the case of the State versus James D. Horton, No. 2991. The Court: All right, who represents the defendant? Mr. Hoyt: I represent Mr.

Horton. The attorneys that did represent him no longer do. He approached me Friday to see whether or not I would take his case, and not until today was I hired, so, there is no way that I can be ready. I haven't had an opportunity to even get into it at all. He tells me that Mr. Boatright represented him before, the elder one, and he is unable to participate in the trial is my understanding. The Court: I believe Boatright & Boatright represented him before, and Boatright & Boatright is a partnership, and my understanding about a partnership arrangement is that if there's any advantage to having a partnership arrangement at all it is that you've got more than one lawyer. When were you notified about this, Mr. Hoyt? Mr. Hoyt: I was notified Friday, first. The Court: This past Friday? Mr. Hoyt: Yes. The Court: Mr. Boatright, I believe when this case was tried before you weren't admitted to practice, were you? Mr. Jimmy J. Boatright: Yes, sir. The Court: And I believe Laddie came over here and tried this case. Now, is Mr. Joseph Boatright sick? Mr. Jimmy J. Boatright: He is unable to participate in the trial at this time, your Honor. The Court: Well, as I recall, Laddie (J. Laddie Boatright) tried it before, and, as a matter of fact, you and Laddie together for the most part. Is that the reason — he is sick and that's the reason? Mr. Jimmy J. Boatright: Yes, sir. Laddie came over the last time — because his father was sick and unable to continue the trial Laddie came over and helped out. Laddie has never been retained to represent him. The Court: Is this man in the courtroom? Mr. Jimmy J. Boatright: Yes, sir. The Court: When were you notified that your lawyers were not in this case and to get another lawyer? The Defendant: Thursday night last week. The Court: Thursday night? I know Mr. Boatright might very well be ill. He might very well be, and I don't question it. I know he has a health problem. But, I want to say this, gentlemen: We have this kind of thing over and over and over and over, and I'm getting aggravated with it. We can put this case off now until the next term and it will be possible to have the identical situation at the next term. And it is amazing to me at [sic] the number of people who find out at the very last minute that they can't go to trial. Now, if there is any advantage to a partnership it is that

there's more than one lawyer. Now, we have a lot of trouble with this thing. We are having a lot of trouble all over this circuit with this very identical thing. Ten years ago we never heard about a thing like that, but now every time we turn around it's something like this. Now, I hate to blow my stack here, but I'm about to. All, right, go on and call the next case for announcement, Mr. Hayes. (The case of the State vs. Alexander Chandler, charged with aggravated assault was then called, announced ready, and a jury was duly selected, after which time a plea of guilty was entered.) December 3, 1973, 1:30 p.m. The Court: All right, proceed. Mr. Hayes: I call case No. 2991. I call the case of the State of Georgia versus James D. Horton charged with aggravated assault. The state is ready. Mr. Hoyt: Your Honor, I can't in good conscience say I'm ready. Of course, we've been into this several times, but, nevertheless we're here. The Court: Now, I believe this case when it was up before Mr. Jimmy Boatright was one of the attorneys in the case, and I understand that he withdrew, Mr. Hoyt. I want to point this out, that my information is that, as a matter of fact, Boatright, Boatright & Boatright were the attorneys in this case, and Mr. Jimmy Boatright participated in the last trial along with Mr. Laddie Boatright, who is a member of the same firm, and the case is getting pretty old. I understand that the defendant was notified last Thursday that Boatright, Boatright & Boatright — now, Mr. Joseph, I believe, was out of it prior to that. I understand his health is not good. I [am] completely aware of that: but, it seems to me with Mr. Jimmy Boatright participating and still in the case, as old as this case is and as long as it's been pending, and the effect of this at this point is simply to bring Mr. George Hoyt into the case, and I don't believe that that would constitute ground for continuance. The case was tried when? In May this year? Mr. Hayes: Your Honor, we tried this case at the last term of court. May or June. It was tried the first week in June, I believe. The Court: Then, as I understand it, I wasn't notified about any change so far as counsel was concerned, and I think with Mr. Boatright participating and continuing in the case, I think we're going to go to trial with it. Mr. Hoyt: Your Honor, I'd like

for the record to reflect that I'm involved in this case only at the request of Mr. Horton. He came to me on Friday saying that he was no longer represented by Boatright, Boatright & Boatright; but I have not involved myself in this situation with any purpose of delay whatsoever. I told the court Saturday that I had been contacted and I was involved in it. I'm glad to have Mr. Jimmy Boatright with me. Mr. Boatright is with me because he does know something about the case and has consented to help me in this matter, and he had no knowledge of this until late last night. I did call him. At that time I expressed a desire to have him assist me whenever the case was tried. I indicated to him that I didn't think it was going to be tried today. The Court: Well, I point this out, that there would be no way in the world to ever get a case to trial under this kind of — all right, then, the exception is noted in the record. Anything further? Mr. Hoyt: No, sir. The Court: All right, call the first forty-two jurors, Mr. Clerk."

We do not believe that the above meets the standards of a motion for continuance. A similar situation was presented in *Williams v. Mayor &c. of Atlanta,* 118 Ga. App. 271 (163 SE2d 239) (see colloquy at p. 272 (2b)). In *Williams,* p. 273, this court noted, "In order for a party successfully to complain of a ruling which he contends to have been a denial of a continuance, he must be able to show a formal and proper motion in the record as the basis of the asserted error, and this rule is technically construed. *Trammell v. State,* 183 Ga. 711 (1) (189 SE 529); *Atlantic C. L. R. Co. v. Cohn & Co.,* 4 Ga. App. 854 (1, 2) (62 SE 572); Leverett, Hall & Christopher, Georgia Procedure & Practice § 14-9, p. 325 (1957). The colloquy here appears to be similar to that occurring in *Kittle v. Brown,* 28 Ga. App. 212, 213 (2a) (110 SE 740), where ' "upon call of the case, the defendant's counsel stated that his client was sick and unable to attend court and that he desired to make a motion to continue said case," ' the court observing that 'the defendant's counsel made no motion for a continuance, but merely stated that he desired to make such a motion.' Not only was no motion for continuance actually and formally made in this case, but no reason was given why proceeding with the hearing at that hour, albeit unusual, would harm

appellant. Since there was no formal and proper motion for continuance showing harm, no error appears in this connection."

*Trammell v. State,* 183 Ga. 711, supra, is more closely in point (see the factual recitation at pp. 712-713). There, the Supreme Court stated at p. 714, "There was no formal and proper motion therefor. No testimony under oath on the subject of necessity for continuance was offered. Three hours after the court had refused a continuance, and before the case was called for trial, the judge again inquired of the defendant's counsel whether they were ready to go to trial. At that time no motion was made to postpone the trial at least one day to enable counsel to consult with the defendant and ascertain whether it was necessary to ask for further postponement on account of the absence of material witnesses. No motion for a postponement was made at any time. In response to the inquiry of the judge, counsel merely stated: 'We are in no better shape than we were this morning. We still insist on our motion, but under the court's ruling this morning we will go to trial.' The court then said, 'Strike a jury, gentlemen,' and the case proceeded to trial. See Code §§ 27-2002, 81-1419; *Ray v. State,* 91 Ga. 87 (16 SE 311); *Pressley v. State,* 132 Ga. 64 (63 SE 784)." See also *Wright v. State,* 184 Ga. 62, 64 (1) (190 SE 663).

Assuming, arguendo, that the above could be considered a motion for continuance, "[n]either sudden withdrawal of retained counsel nor lack of preparation of new counsel is ipso facto a ground for continuance." *Huckaby v. State,* 127 Ga. App. 439, 440 (194 SE2d 119). "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require. In all cases the presiding judges may, in their discretion, admit a counter-showing to a motion for a continuance, and, after a hearing, may decide whether the motion shall prevail." Code § 81-1419.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED JUNE 26, 1974 — DECIDED JULY 15, 1974.

412

*Hoyt & Boatright, George L. Hoyt,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.