## 52757. FAIR v. THE STATE.

McMURRAY, Judge.

Defendant was indicted, tried and convicted of theft by retaining stolen property (theft by receiving property stolen in another state which is retained with knowledge that it was stolen, without any intent to restore it to the owner — see Code §§ 26-1806, 26-1816). He was sentenced to ten years in prison and appeals. *Held:*

1. A hardware store in Cashiers, North Carolina was burglarized during the night of April 3, or during the early hours of April 4, 1975. Items such as chain saws, watches and guns were removed. On the morning of April 4, 1975, an agent of the GBI received a call from a reliable informant who advised he had personally observed a quantity of stolen property in a green Pontiac automobile driven by the defendant in Rabun County, Georgia. Shortly thereafter the defendant was seen and when the officers requested permission to search his automobile such permission was given. Chain saws, watches and other items were seen in the trunk when the rear seat was removed, even though defendant contended he did not have a key to the trunk. Defendant was arrested and the items confiscated. Defendant contended he had purchased these items from two men.

A witness was called by the state, who testified that she was the girlfriend of the defendant; that he had importuned her to make up a bogus bill of sale and that he had admitted the burglary to her. The bill of sale was never admitted in evidence, although considerable

testimony in regard thereto was allowed.

During cross examination of this witness an attempt was made to establish that she had threatened to put him on the chain gang, which she denied. Counsel then sought to examine her as to whether she made the phone call to the GBI agent on the morning of April 4, 1975. Other attempts had already been made to determine who the informer might have been, and twice the court had ruled that any information that might lead to the informer was not proper. See Code § 38-1102; *Morgan v. State,* 211 Ga. 172 (3) (84 SE2d 365); *Anderson v. State,* 72 Ga. App. 487 (4) (34 SE2d 110). However, the answer to this question by the state's witness would not necessarily have amounted to a disclosure of the informer. Objection was again made that this was an attempt to determine that this state witness was the informant, which objection was sustained.

The right of cross examination is a substantial right, the preservation of which is essential to the proper administration of justice and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy. This right should not be abridged. See Code Ann. § 38-1705; *Glover v. State,* 15 Ga. App. 44, 45 (6) (82 SE 602); *Loomis v. State,* 78 Ga. App. 153, 167 (8) (51 SE2d 13). Here the defendant's right to a thorough and sifting cross examination was cut off when the question asked required a mere yes or no answer as to whether the state's witness might or might not have called the GBI agent. The bias and interest of this witness could have been called in question, since she was the star witness against the defendant contending he had admitted to the crime of burglary in North Carolina, had importuned her to make up a bogus bill of sale and who may or may not have been involved in the crime, since she took the Fifth Amendment thereafter when questioned in regard to whether or not she had sold any chain saws. However, no motion was made at that time to exclude her testimony under *Pinkard v. State,* 30 Ga. 757 (2); *Young v. State,* 65 Ga. 525 (2); *McElhannon v. State,* 99 Ga. 672 (2) (26 SE 501). See also *Smith v. State,* 225 Ga. 328, 330 (7) (168 SE2d 587). The denial of the thorough and sifting cross examination here was error.

2. The second enumeration of error contends that the court erred in allowing a state's witness (police officer from North Carolina who had investigated the burglary) to testify that marks in the dust in the burglarized store were similar to the configurations on gloves found in an automobile driven by the defendant. This was a circumstance which the court properly allowed in evidence whether or not this witness was qualified as an expert as to side-by-side comparisons of gloves and impressions therefrom in the dust. A thorough and sifting cross examination was allowed of this witness as to his knowledge and ability, and there was no error in allowing this testimony in evidence.

3. Although the bill of sale was never introduced into evidence there was considerable testimony by the defense and the state's witness in regard to it. The court did not err in allowing a thorough and sifting cross examination of the defendant with reference thereto and in thereafter *allowing the district attorney to comment on same in the argument.* The case of *Miller v. Coleman,* 213 Ga. 125 (97 SE2d 313) is not applicable to the situation here.

4. Pursuant to Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) a presentence hearing was conducted at the end of the guilt phase of the trial. Two guilty pleas as to other crimes were allowed in evidence. Defendant attempted to show by counsel who represented him at the time of the entering of the guilty pleas in these two cases that the defendant would receive a sentence less than what he actually received in court, contending the pleas were not freely and voluntarily entered on behalf of the defendant and thus the court erred in considering them in sentencing defendant here. This testimony does not show that the pleas were not freely and voluntarily entered for the proper procedure would have been to withdraw the pleas at the time these cases were called. There is no merit in the contention that this case should be remanded for a new presentence hearing.

For the reason stated in Division 1 a new trial will be required.

*Judgment reversed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 4, 1976 — REHEARING DENIED NOVEMBER 1, 1976 —

*Cathey & Strain, Dennis T. Cathey, Edward Strain,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.